UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Calvin Lamont Jackson, ) | |
| ) | C/A No.: 7:10-cv-70300-GRA |
| Petitioner, ) | (Cr. No. 7:06-00712-GRA-1) |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Petitioner Calvin Lamont Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). After thoroughly reviewing the § 2255 Motion and the records in this case, this Court finds that a decision may be rendered on Petitioner's § 2255 Motion without a hearing. *See* 28 U.S.C. § 2255(b). For the following reasons, this Court dismisses Petitioner's § 2255 Motion.

**Background**

On July 11, 2006, petitioner was indicted for possession of a firearm and ammunition affecting interstate commerce, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) and 924(e); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(a); and possession with intent to distribute 5 grams or more of cocaine base and cocaine, in violation of 21U.S.C. §§

841(a)(1), 841(b)(1)(B) and 841(b)(1)(c). David W. Plowden, Assistant Federal Public Defender, was appointed as Petitioner's counsel.

On January 3, 2007, Petitioner, Mr. Plowden, and the Government executed a plea agreement. In the plea agreement, Petitioner waived his right to bring a § 2255 motion except on grounds of ineffective assistance of counsel or prosecutorial misconduct. The next day, Petitioner pled guilty to counts two and three of the indictment. Mr. Plowden represented Petitioner at the guilty plea hearing. Petitioner expressed full satisfaction with Mr. Plowden's representation. The Court then sentenced Petitioner to 144 months imprisonment on April 16, 2007.[1]

Petitioner later filed his first motion under 28 U.S.C. § 2255 (the "2008 Petition"). In the 2008 Petition, Petitioner asked the Court to vacate his conviction for ineffective assistance of counsel, involuntariness of his guilty plea, and prosecutorial misconduct. He also requested a reduction in his criminal history category. One of Petitioner's grounds for ineffective assistance of counsel was that Petitioner allegedly instructed Mr. Plowden to file a notice of appeal and Mr. Plowden failed to do so. Taking that allegation as true, the Court vacated Petitioner's sentence and immediately reimposed and reinstated his judgment of conviction, thereby creating a new window for Petitioner to file a notice of appeal. The Court dismissed the remainder of the 2008 Petition on its merits.

---

[1] The Court later reduced Petitioner's sentence to 130 months, pursuant to 18 U.S.C. § 3582(c)(2).

Despite this Court's order directing vacatur and reentry of the judgment, the judgment was not officially vacated and re-entered on the docket until April 16, 2009. Nonetheless, on September 5, 2008, Petitioner filed a notice of appeal. The Fourth Circuit Court of Appeals noted that because the judgment had not been re-entered when Petitioner filed the notice of appeal, the appellate court could not review Petitioner's conviction and sentence. *United States v. Jackson*, 318 F. App'x 204, 205 (4th Cir. 2009) (per curiam). However, the Fourth Circuit modified this Court's order to make the dismissal of the 2008 Petition without prejudice. *Id.*

As mentioned above, the judgment was re-entered on April 16, 2009. However, Petitioner did not timely file another notice of appeal because he did not learn of this event for some time. To accommodate Petitioner, on August 12, 2009, the Court vacated and re-entered Petitioner's sentence for a second time. This time, the judgment was re-entered on the docket the same day, and Petitioner timely filed a notice of appeal.

With his appeal now properly before the Fourth Circuit, Petitioner argued that procedural errors at his plea hearing invalidated his guilty plea. *See United States v. Jackson*, 380 F. App'x 306, 308 (4th Cir. 2010) (per curiam). The appellate court rejected Petitioner's argument and affirmed. *Id.*

Petitioner filed the present § 2255 Motion on December 6, 2010, seeking vacation of his conviction on grounds of ineffective assistance of counsel. Alternatively, Petitioner asks this Court to correct his sentence, arguing that under

the Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010), his sentence is exceeds the maximum allowed by law or is otherwise subject to collateral attack.

### **Standard of Review**

Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

Petitioner brings this claim *pro se.* A court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, the court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

In deciding a § 2255 motion, the Court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. 28 U.S.C. § 2255, Rule 4(b).

### Discussion

Petitioner's ineffective assistance of counsel arguments fail on the merits, and Petitioner has waived his claim for sentence correction.

**I.  Ineffective Assistance of Counsel**

Petitioner raises two grounds for vacating his conviction: first, Mr. Plowden failed to advise him of his right to a jury trial; and second, Mr. Plowden failed to adequately investigate the Government's case. (Pet'r's Mem. 2, 7, ECF 105-1.)

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases" *Id.* at 687. There is "a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

As for prejudice, Petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693.

A petitioner who argues ineffective assistance of counsel following a guilty plea faces a higher burden for prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985). He must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

### A. Failure to Advise Petitioner of Right to Jury Trial

With regard to Petitioner's first argument for ineffective assistance, a lack of prejudice is clear. Petitioner claims that because Mr. Plowden never advised him that he had a right to a jury trial, Mr. Plowden effectively "advised [Petitioner] that he had no rights." (Pet'r's Mem. 3.) Even accepting this allegation as true, the record eliminates any reasonable possibility of prejudice. At the plea hearing, the Court asked Petitioner whether he understood that he had a constitutional right to a jury trial on the charges for which he had been indicted. (Tr. of Hr'g, Jan. 4,

2007, at 15:15–15:19, ECF No. 97.) Petitioner replied that he did. (*Id.* at 15:20.) Petitioner also stated that he understood the following:

- Petitioner would be presumed innocent at trial;

- The Government had to prove guilt beyond a reasonable doubt;

- Petitioner would not have to prove his innocence;

- Petitioner had the right to confront the Government's witnesses and object to evidence offered by the Government;

- Petitioner could offer his own evidence;

- Petitioner had the choice whether to testify, and if he did not testify, the jury could not infer guilt from that decision; and

- By pleading guilty, Petitioner would waive his right to a jury trial and privilege against self-incrimination.

(*Id.* at 16:5–19:6.) At any point in the plea hearing, Petitioner could have indicated that he wished to proceed to trial. However, after the Court discussed with Petitioner this panoply of trial rights and the consequences of pleading guilty, Petitioner said that he still wanted to plead guilty. (*Id.* at 20:9–20:11.) Furthermore, if Petitioner truly did not learn of his jury trial right until the hearing, he could have objected to the plea agreement. He failed to do so. (*See id.* at 46:18–46:23.) Petitioner is bound by these representations. *See Fields v. Attorney General*, 956 F.2d 1290, 1299 (4th Cir. 1992). Accordingly, Petitioner cannot

show that but for Mr. Plowden's alleged omission, Petitioner would have retained his original plea of not guilty and proceeded to trial.

**B.    Failure to Investigate**

A lack of prejudice is equally clear in Petitioner's second claim. Petitioner alleges that he told Mr. Plowden that he never owned or possessed a firearm, that Mr. Plowden could have confirmed this by examining police reports pertaining to Petitioner's arrest, and that Mr. Plowden failed to examine the reports. (Pet'r's Mem. 4–5.) Again, the record contradicts Petitioner's assertions. Petitioner correctly states that these police reports contain inconsistent descriptions of the type of pistol that the authorities recovered. (*Compare* Ex. B, ECF No. 104-3 (Beretta) *with* Exs. C & D, ECF Nos. 104-4 & 104-5 (Taurus).) Petitioner contends that this inconsistency would have enabled Mr. Plowden to prove that Petitioner never possessed a firearm. However, this inconsistency goes only to the type of gun Petitioner possessed. The material fact—that Petitioner did possess a gun—is consistent throughout these documents.

In fact, at all relevant times, it was undisputed that Petitioner possessed a firearm. At the plea hearing, the Court asked Petitioner to summarize his offense. (Tr. of Hr'g, Jan. 4, 2007, at 49:12–49:15). Under oath, Petitioner replied, "I possessed drugs and possessed a gun." (*Id.* at 49:16–49:17.) Later, the Government summarized its evidence against Petitioner, stating that "[a]s [Petitioner] was running away, he pulled a pistol from his waistband and threw it

show that but for Mr. Plowden's alleged omission, Petitioner would have retained his original plea of not guilty and proceeded to trial.

**B.    Failure to Investigate**

A lack of prejudice is equally clear in Petitioner's second claim. Petitioner alleges that he told Mr. Plowden that he never owned or possessed a firearm, that Mr. Plowden could have confirmed this by examining police reports pertaining to Petitioner's arrest, and that Mr. Plowden failed to examine the reports. (Pet'r's Mem. 4–5.) Again, the record contradicts Petitioner's assertions. Petitioner correctly states that these police reports contain inconsistent descriptions of the type of pistol that the authorities recovered. (*Compare* Ex. B, ECF No. 104-3 (Beretta) *with* Exs. C & D, ECF Nos. 104-4 & 104-5 (Taurus).) Petitioner contends that this inconsistency would have enabled Mr. Plowden to prove that Petitioner never possessed a firearm. However, this inconsistency goes only to the type of gun Petitioner possessed. The material fact—that Petitioner did possess a gun—is consistent throughout these documents.

In fact, at all relevant times, it was undisputed that Petitioner possessed a firearm. At the plea hearing, the Court asked Petitioner to summarize his offense. (Tr. of Hr'g, Jan. 4, 2007, at 49:12–49:15). Under oath, Petitioner replied, "I possessed drugs and possessed a gun." (*Id.* at 49:16–49:17.) Later, the Government summarized its evidence against Petitioner, stating that "[a]s [Petitioner] was running away, he pulled a pistol from his waistband and threw it

show that but for Mr. Plowden's alleged omission, Petitioner would have retained his original plea of not guilty and proceeded to trial.

**B.    Failure to Investigate**

A lack of prejudice is equally clear in Petitioner's second claim. Petitioner alleges that he told Mr. Plowden that he never owned or possessed a firearm, that Mr. Plowden could have confirmed this by examining police reports pertaining to Petitioner's arrest, and that Mr. Plowden failed to examine the reports. (Pet'r's Mem. 4–5.) Again, the record contradicts Petitioner's assertions. Petitioner correctly states that these police reports contain inconsistent descriptions of the type of pistol that the authorities recovered. (*Compare* Ex. B, ECF No. 104-3 (Beretta) *with* Exs. C & D, ECF Nos. 104-4 & 104-5 (Taurus).) Petitioner contends that this inconsistency would have enabled Mr. Plowden to prove that Petitioner never possessed a firearm. However, this inconsistency goes only to the type of gun Petitioner possessed. The material fact—that Petitioner did possess a gun—is consistent throughout these documents.

In fact, at all relevant times, it was undisputed that Petitioner possessed a firearm. At the plea hearing, the Court asked Petitioner to summarize his offense. (Tr. of Hr'g, Jan. 4, 2007, at 49:12–49:15). Under oath, Petitioner replied, "I possessed drugs and possessed a gun." (*Id.* at 49:16–49:17.) Later, the Government summarized its evidence against Petitioner, stating that "[a]s [Petitioner] was running away, he pulled a pistol from his waistband and threw it

down." (*Id.* at 52:10–52:15.) Petitioner said he agreed with the Government's summary of events. (*Id.* at 52:21.) As mentioned above, Petitioner is bound by these statements. *See Fields*, 956 F.2d at 1299. Therefore, it is highly unlikely that Mr. Plowden's alleged failure to review these reports prejudiced Petitioner.

In sum, Petitioner cannot show, as he must, that he was prejudiced by Mr. Plowden's alleged errors. A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See Strickland*, 466 U.S. at 697. As such, Petitioner has shown no error of constitutional magnitude, and Petitioner's ineffective assistance of counsel arguments are without merit.

**II.     Correction of Sentence under the Fair Sentencing Act**

Finally, Petitioner seeks a reduction in his imprisonment term under the Fair Sentencing Act. Petitioner has waived this claim. In Petitioner's plea agreement, Petitioner waived his right to assert in a § 2255 motion anything other than ineffective assistance of counsel or prosecutorial misconduct. (Plea Agreement 7 ¶ 14, ECF No. 30.) Such a waiver is valid if made knowingly and voluntarily. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). At the plea hearing, the Government recited the terms of the plea agreement, including the waiver provision. (Tr. of Hr'g, Jan. 4, 2007, at 39:17–41:1.) The Court then asked Petitioner if he had any disagreement on his

plea agreement, imploring him to "speak up now or forever hold your peace." (*Id.* at 46:18–46:22.) Petitioner replied, "No, sir." (*Id.* at 46:23.) Based on this exchange and a review of the plea agreement itself, the Court concludes that Petitioner knowingly and voluntarily waived his claim.

### **Conlcusion**

A review of Petitioner's § 2255 Motion and the record plainly show that Petitioner is not entitled to relief. Therefore, this Court shall dismiss the Motion without requiring a response from the Government.

IT IS THEREFORE ORDERED THAT Petitioner's § 2255 Motion is DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 16 , 2010
Anderson, South Carolina

## CERTIFICATE OF APPEALABILITY[2]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 16 , 2010
Anderson, South Carolina

---

[2] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).