UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Calvin Lamont Jackson, | ) | |
| | ) | C/A No.: 7:10-cv-70300-GRA |
| Petitioner, | ) | (Cr. No. 7:06-cr-00712-GRA-1) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Calvin Lamont Jackson's Motion for Reconsideration. For the reasons stated below, the Court denies Petitioner's Motion.

Petitioner moves for relief under Federal Rule of Civil Procedure 60(b)(1), (3), (5), and (6). A party moving for relief under any portion of Rule 60(b) "'must clearly establish the grounds therefor to the satisfaction of the district court,' . . .and such grounds 'must be clearly substantiated by adequate proof.'" *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) (internal citations omitted). As for Rule 60(b)(6), the party must show that "extraordinary circumstances" exist to obtain relief. *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000). Whether to grant or deny relief under Rule 60 rests with the sound discretion of the district court. *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam).

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

After a thorough review of the record in this case, this Court finds that its prior decision dismissing Petitioner's § 2255 Motion and denying Petitioner a certificate of appealability was and is correct as a matter of law.

Because Petitioner claimed in his § 2255 Motion that, but for his attorney's alleged errors, he would have insisted on going to trial, this Court scrutinized the Rule 11 plea colloquy hearing transcript as part of its review of the record. During the colloquy, Petitioner stated that he understood his right to a jury trial and that he wished to waive that right, and he admitted to possessing a firearm. Based largely on these sworn statements, this Court concluded that Petitioner could not demonstrate the prejudicial effect of his counsel's alleged deficiencies, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). Petitioner now asserts that this Court erroneously relied on his statements because deficiencies in the colloquy hearing rendered his guilty plea invalid. Accordingly, he argues, his colloquy statements are not binding and therefore should not have been considered.

Two relevant rules govern the present inquiry. First, when deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion involving a guilty plea, "a court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (alterations omitted)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." *Id.* at 296–97. Second, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney General*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Blackledge*, 431 U.S. at 74–75; *Little v. Allsbrook*, 731 F.2d 238, 239–40 n.2 (4th Cir. 1984). "In the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). Thus, in the absence of extraordinary circumstances, a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Id.*

In this case, Petitioner has already challenged, on direct appeal, the validity of his guilty plea on grounds of procedural errors in the plea hearing. The Fourth

Circuit affirmed Petitioner's conviction. Specifically, the appellate court concluded that this Court complied with Rule 11, thereby "ensuring that Jackson's plea was knowing and voluntary." *United States v. Jackson*, 380 F. App'x 306, 307 (4th Cir. 2010) (per curiam). Despite the Fourth Circuit's conclusion, this Court has independently reviewed the record to ensure there are no extraordinary circumstances rendering Petitioner's statements unreliable. Finding none, Petitioner's sworn statements from the colloquy hearing are binding. Because Petitioner's allegations in his § 2255 Motion contradict those sworn statements, they are palpably incredible and patently frivolous. Therefore, this Court correctly dismissed Petitioner's § 2255 Motion.

In sum, Petitioner has demonstrated no grounds for relief under Rule 60(b). Consequently, this Court must deny Petitioner's Motion for Reconsideration.

IT IS THEREFORE ORDERED THAT Petitioner's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January  19 , 2011
Anderson, South Carolina

# CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2255, R.11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).